UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAIL AND PAUL DILLON, ET AL          *          CIVIL ACTION

VERSUS                               *          NO: 06-7354

LINCOLN GENERAL INS. CO., ET         *          SECTION: "D"(4)
AL

**ORDER AND REASONS**

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Gail and Paul Dillon and Slidell Regency Limousine Service, Inc. Defendant, Lincoln General Insurance (Lincoln), filed a memorandum in opposition. The motion, set for hearing on Wednesday, November 22, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

**I. Background**

Plaintiffs claim that they owned a fleet of limousines insured by Defendant Lincoln, pursuant to a commercial automobile insurance policy. Plaintiffs further allege that this fleet of limousines was destroyed by the flooding and other effects of Hurricanes

Katrina and Rita on August 29, 2005 and thereafter.  (Petition at ¶3).

After making a claim to Lincoln, Lincoln allegedly dispatched its adjuster, Randy Ramsey, from co-defendant company, Delta Claims Service.  According to Plaintiffs,

> Adjuster Ramsey met with an authorized agent of the Petitioners named Ken Raper (regarded as an automotive expert), since Mr. and Mrs. Dillon were temporarily residing out of state, due to hurricane related damage to their home. **After inspecting and photographing the insured vehicles, adjuster Ramsey indicated that he would be "totaling" the vehicles, since he had ascertained evidence of salt water flooding and other damages to the vehicles of such magnitude as to regard them as a total loss. Adjuster Ramsey then indicated an interest in purchasing the vehicles at a reduced cost, either from the Petitioners or Lincoln General after the insurance claim was resolved.**  The adjuster's report was to be promptly forwarded to Lincoln General.
>
> Approximately eleven days thereafter, the petitioners were contacted by another adjuster from Lincoln General named Marcy Schmehl, who indicated that total replacement cost would not be paid relative to the vehicle damage, since they regarded them as repairable.  This was contrary to the indications made by their contracted field adjuster Raper of Delta Claims at the petitioners' garage.

(*See* Petition at ¶¶ 5 & 6, emphasis added).

Plaintiffs claim that as of the filing of their state-court petition (i.e., on August 25, 2006), no money has been received

2

from Lincoln "for the covered damages to the vehicles, consisting of their total loss and their loss of use." *Id*. at ¶ 6.  They sue both Lincoln and Delta Claims Services, Inc. and aver that:

> at all times pertinent herein, Lincoln General and Delta Claims possessed direct knowledge and information to the extent that the [petitioners'] insured vehicles were total losses due to severe damage and salt water flooding, yet they ignored the information while wrongfully denying the truth, facts, and true value of the pending claims,  Moreover, the actions of Delta Claims Service adjuster, for whom his employer is vicariously liable, constitute **fraud and misrepresentation by initially indicating that the vehicles would be "totaled" and thereafter providing conflicting statements regarding the amount of appraised damages with an eye toward somehow acquiring the damaged vehicles, presumably at a deep discount at some later date**.  Hence, the petitioners further respectfully aver that the above named co-defendants acted in concert to willfully diminish, delay, and deny their valid claim out of a motivation for pecuniary gain, thus giving rise to joint and several liability.  Additionally, Delta Claims owed a duty and obligation to all involved, which it breached, to competently, accurately, honestly, and properly assess the property damage, which apparently was either not done, or done and later compromised and/or concealed.

(*Id*. at 8, emphasis added).

On October 5, 2006, Lincoln removed the matter to this court claiming that Plaintiffs improperly named Delta Claims Service, Inc., a Louisiana citizen, to defeat diversity jurisdiction between

3

Plaintiffs (Louisiana citizens) and Lincoln (a citizen of Pennsylvania). Lincoln claims that "there is no reasonable basis for predicting that state law would recognize the claim against Delta Claims Services, Inc., and there is no reasonable possibility of recovery against Delta under the Petition of the plaintiffs." (*See* Notice of Removal at ¶3). However, Plaintiffs now seek to have this case remanded based on lack of diversity jurisdiction.

## II. Legal Analysis

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit: "[T]he removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (1981).

As a general rule, Louisiana courts have consistently held that there is no duty on the part of an insurance adjuster to advise a claimant of the proper prescriptive period. *See e.g.*, *Turner v. Aycock Welding Co.*, 421 So.2d 416, 417 (La. App. 1st Cir. 1982); *Pellerin v. Cash Pharmacy*, 396 So.2d 371 (La. App. 1st Cir. 1981).

However, in *Pellerin*, the court stated that an adjuster could possibly assume a duty to disclose the prescriptive period to an

insured in certain circumstances depending on the "relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud." *Pellerin*, 396 So.2d at 373. Apparently believing the adjuster may have undertaken or assumed a duty to inform the insured of prescription, the *Pellerin* court remanded with instructions to allow the plaintiff to amend her petition to allege such a breach of duty.

In *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696 (La. App. 5th Cir. 1989), the plaintiff sued Aetna and its adjuster for alleged negligent acts of omission and commission including: failing to evaluate the homeowners's claim in a timely manner; failing to make any meaningful effort to evaluate the homeowner's claim; failing to attempt to make a reasonable settlement of the homeowner's claim; and failing to fulfill the terms of the contract. *Id*. at 699. The appellate court found that these allegations although described as "negligent acts of omission and commission" did not propose that the adjuster had assumed a duty toward the plaintiff which he breached. *Id*. Thus, the court found that the trial court had correctly maintained the exception of no cause of action as to the tort claim against the adjuster and Aetna. *Id*. However, the appellate court held "that under some

circumstances a tort duty may exist in the settlement of an insurance claim and that the plaintiffs must be given the opportunity to amend their petition." *Id.*

In *Loehn v. Hardin*, 2002 WL 922380 (E.D.La. 2003)(Porteous, J.), the Louisiana plaintiffs filed suit in state court against State Farm and an adjuster, who was a Louisiana resident employed by State Farm. Plaintiffs' allegations against the adjuster included breach of the duty to properly handle plaintiff's claim by denying the claim after a cursory inspection and by misrepresenting the various coverages in the policy. State Farm removed the suit to federal court alleging that the adjuster was fraudulently joined, and plaintiffs filed a motion to remand.

The *Loehn* court found that:

> State Farm had an obvious duty to the Plaintiffs to handle their claim. This duty was delegated to ... the adjuster who handled the matter for State Farm.

Without ruling on whether there was an actual breach of the duty, the *Loehn* court found that a duty to the plaintiffs could have been breached by the adjuster and additionally noted that the *Alaracon* and *Pellerin* decisions issued by the state courts recognize that under some circumstances a tort duty may exist between an insurance claimant and an insurance adjuster. *See also, Dufrene v. State Farm Fire & Casualty Co.*, 1993 WL 35128 (E.D.La.

1993)(Arceneaux, J.)(granting motion to remand finding that State Farm had delegated to its adjuster the duty to properly handle the plaintiffs' claim, and thus the adjuster who was non-diverse was a proper party destroying the court's diversity jurisdiction).

In this case, Plaintiffs have essentially alleged that an adjuster from Delta (Mr. Ramsey) first told them that their vehicles would be totaled, but then some eleven days later another adjuster (Ms. Schmehl) told Plaintiffs that total replacement cost would not be paid relative to the vehicles' damage, since the vehicles were repairable.  But Plaintiffs also allege that adjuster Ramsey had indicated an interest in purchasing the vehicles at a reduced cost, either from the Petitioners or Lincoln General after the insurance claim was resolved.

In asserting these allegations, the court finds that Plaintiff has sufficiently pled "the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud" which are the type of *Pellerin* circumstances from which the adjuster may be said to have undertaken an independent tort duty to the insured. *Pellerin*, 396 So.2d at 373.  And the court concludes from these alleged facts that Delta Claims Services, Inc. could have assumed an independent tort duty in investigating and adjusting Plaintiff's claims and

Delta Claims Services, Inc. could have breached this duty.[1]  Thus, Plaintiff has alleged facts that can establish a cause of action in state court against Delta Claims Services, Inc.[2]

Because Lincoln is unable to overcome its heavy burden of proving that there is no possibility of a valid cause of action against Delta Claims Services, Inc. (the in-state defendant), the court finds that Delta Claims Services, Inc. was not fraudulently joined.  Thus, diversity jurisdiction is destroyed and this matter must be remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, for lack of subject matter jurisdiction.

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion for Remand"** be and is hereby **GRANTED**, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **30th** day of **November**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[1] The court does not reach the issue of whether or not Delta Claims Services, Inc. in fact had or breached such a duty.

[2] In *Motin v. Travelers Ins. Co.,* 2003 WL 22533673 (E.D.La. 2003)(Berrigan, J.), *M & M Towing Co., Inc. v. United Capitol Ins. Co,*, 1998 WL 169694 (E.D.La. 1998)(McNamara, J), and *Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668 (E.D.La. 1997)(Vance, J.), the courts denied motions to remand on a finding that the adjuster had been fraudulently joined.  But in those cases, unlike this one, the courts did not find that the plaintiffs had alleged any facts upon which it could be said that the adjuster assumed a duty to them.